# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DORAM ANTHONY PETERKIN and KAROL PETERKIN, Plaintiffs, | : <br> : <br> : No. 3:19-cv-810 (KAD) <br> : <br> : |
| v. | : <br> : |
| GARY CICCHIELLO, et al., Defendants. | : <br> : |

## INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Doram Anthony Peterkin ("Peterkin"), currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, and his wife, Karol Peterkin, filed this complaint *pro se* under 42 U.S.C. § 1983. Peterkin contends that the defendants, Attorney Gary Cicchiello, Cicchiello and Cicchiello LLC, and John Doe provided ineffective assistance in several criminal matters thereby depriving Peterkin of equal protection of the laws and due process. The complaint was received on May 24, 2019, and Peterkin's motion to proceed *in forma pauperis* was granted on July 12, 2019.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments

[they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

In 2015, Peterkin and his wife retained Cicchiello and Cicchiello LLC to represent him in four criminal cases. Attorney Gary Cicchiello and an associated began working on his cases. Doc. No. 1, ¶ 1. During the court proceedings, Peterkin asked Attorney Cicchiello and his associate to obtain judicial pretrial discovery, a bill of particulars, an affidavit of criminal complaint, and all the state's evidence against him. Peterkin never received any of these items. *Id.*, ¶ 2.

Peterkin repeatedly asked Attorney Cicchiello and his associate to seek return of seized property and file motions to suppress and dismiss. They falsely told him such motions are not permitted in Connecticut. *Id.*, ¶ 4. They did not adequately represent him in the criminal cases. *Id.*, ¶ 6.

Attorney Cicchiello intimidated and coerced Peterkin to accept a plea agreement. *Id.*, ¶ 7. Attorney Cicchiello lied about the plea agreement. He told Peterkin that he would be pleading to a charge of possession as a drug-dependent person. Instead, Peterkin pleaded to a charge of

2

intent to sell as a non-dependent person. *Id.*, ¶ 8.

**Discussion**

### Karol Peterkin

As a preliminary matter, the Court notes that Peterkin's wife Karol is identified in the caption as a plaintiff. As a *pro se* litigant, Peterkin cannot assert claims on behalf of his wife. *See Berrios v. New York Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) (*pro se* litigant can represent only himself). Federal Rule of Civil Procedure 11 requires that every pleading be signed by an attorney of record or, if the litigant is not represented, by the litigant herself. Fed. R. Civ. P. 11(a). Karol Peterkin did not sign the complaint. In addition, to commence an action, the plaintiffs must pay the filing fee or each plaintiff must submit an application to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914(a) (requiring parties to pay filing fee to commence action) and 1915(a) (person may be excused from prepayment of filing fee by seeking leave to proceed *in formal pauperis*). The filing fee was not paid in this case and Karol Peterkin did not submit a motion to proceed *in forma pauperis*. As she has not complied with any of the requirements to commence an action, all claims purportedly asserted by Karol Peterkin are dismissed.

### Section 1983

To state a claim under 42 U.S.C. § 1983, Peterkin must allege that his constitutionally or federally protected rights were violated by a person acting under color of state law. A person acts under color of state law when he exercises "some right or privilege created by the State … or by a person for whom the State is responsible," and is "a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "It is well established that

private attorneys … are not state actors for the purposes of § 1983 claims." *Licari v. Voog*, 374 F. App'x 230, 231 (2d Cir. 2010) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)). Peterkin alleges a private attorney-client relationship with Attorney Cicchiello and his associate stemming from four separate criminal prosecutions by the state. As Attorney Cicchiello and his associate are private attorneys, there is no legal basis for a section 1983 claim against them.

An otherwise private person, including a private attorney, can be deemed to act under color of state law if he conspires with state officials to deprive the plaintiff of his constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). The Second Circuit requires that conspiracy claims be pleaded with specificity. *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (complaint must contain more than conclusory allegations). The plaintiff must allege facts showing an agreement between a state actor and a private party to act in concert to inflict an unconstitutional injury and an overt act done in furtherance of the conspiracy that causes damages. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002).

Peterkin alleges no facts suggesting that any defendant conspired with a state actor to meet this exception. In this regard, it is notable that Peterkin does not name any state actors as defendants at all. Peterkin alleges only that the defendants failed to file motions or seek discovery in his criminal cases. He alleges that they lied to him about Connecticut law and the contents of his plea agreement. Under these circumstances, the Court concludes that amendment will not cure the defects in the complaint.

**Diversity Jurisdiction**

Finally, the complaint does not allege facts that invoke the Court's diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states…." 28 U.S.C. § 1332(a)(1). Peterkin specifies no relief in the Complaint so the Court cannot determine whether the complaint meets the amount in controversy requirement.

In addition, it does not appear that the parties are of diverse citizenship. A person's citizenship for diversity purposes is his domicile, which is defined as the state in which a person is both present and intends to remain for the indefinite future. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In determining the domicile of a prisoner, courts have held that the domicile of a prisoner before he was imprisoned is presumed to remain his domicile while he is in prison. *See Braten v. Kaplan*, No. 07 Civ. 8498(HB), 2009 WL 614657, at *4 (S.D.N.Y. Mar. 10, 2009) (citing cases). Peterkin alleges that he is confined in a Connecticut correctional facility. He was arrested in Connecticut and prosecuted here. He further alleges that defendants Cicchiello and Doe work at Cicchiello and Cicchiello LLC, a law firm located in Norwich, Connecticut. He alleges no facts suggesting that his domicile or the domicile of any defendant is a state other than Connecticut. Because both parties appear to be domiciled in Connecticut, Peterkin cannot invoke the court's diversity jurisdiction. If Peterkin can allege facts showing that he is not domiciled in Connecticut and that the amount in controversy exceeds $75,000, he may move to reopen this action and file an amended complaint under the court's diversity jurisdiction.

**Orders**

All federal claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  *See id.* (affirming dismissal as frivolous of a claim that a private attorney committed malpractice).  Peterkin also alleges that the defendants' actions violated his rights under the Connecticut Constitution.  The court declines to exercise supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it should decline to exercise supplemental jurisdiction over supplemental state law claims). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 15th day of July 2019.

/s/ Kari A. Dooley
Kari A. Dooley
United States District Judge